IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| KAREN MERROW, THOMAS JORDAN, and MICHAEL CROSS, on behalf of the P.L. Marketing, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>HORIZON BANK d/b/a/ HORIZON TRUST & INVESTMENT MANAGEMENT, THOMAS J. SCHUH, and TIMOTHY M. LOGSDON,<br><br>**Defendants.** | Case No. 2:22-cv-00123-DLB-CJS |

**PLAINTIFFS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Complaint (ECF No. 32), Plaintiffs respectfully submit for the Court's review the United States District Court for the Eastern District of Michigan's recent decision in *Parker v. Tenneco Inc.*, No. 23-10816, 2023 WL 5350565 (E.D. Mich. Aug. 21, 2023), attached hereto as Exhibit A.

*Parker* addressed ERISA claims and an arbitration clause materially identical to those at issue in this case, as Defendants interpret the arbitration clause here. The court held "the 'Group, Class, or Representative Action' Waiver in the Arbitration Procedure is invalid, and that the entire Arbitration Procedure is therefore rendered null and void, [and] defendants' motion to compel arbitration is denied." *Id.* at *1. The court explained: "By restricting a participant's remedy to individual actions to recover losses to their individual accounts, the Class Action Waiver prohibits the plan-wide remedies expressly provided by § 1132(a)(2).… The Class

1

Action Waiver limits a participant's substantive right under ERISA by prohibiting plan participants from bringing suit under 1132(a)(2) and is therefore unenforceable." *Id.* at *6. *Parker* rejects the misinterpretation of *LaRue* made in *Dorman*, which Defendants here advance. *Id.* at *5 ("As discussed above, the Sixth Circuit interprets *LaRue* to mean that § 1132(a)(2) claims and remedies belong to the plan and 'does not provide a remedy for individual injuries distinct from plan injuries.' *Hawkins*, 32 F.4th at 634 (citing *LaRue*, 552 U.S. at 256). No other Circuit has followed *Dorman* and most courts agree its ruling is not persuasive.").

    Judge Steeh's reasoning in *Parker* applies with equal force here. Plaintiffs respectfully request that the Court consider *Parker* as additional support for denying Defendants' motion to dismiss and, in the alternative, motion to compel arbitration (ECF No. 22).

Dated: August 29, 2023

Respectfully submitted,

**BAILEY & GLASSER LLP**

*/s/ Gregory Y. Porter*
Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
1055 Thomas Jefferson St., NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com

**LUFF LAW FIRM, PLLC**
Christina T. Natale
10440 N. Central Expressway, Suite 950
Dallas, TX 75231
Telephone: 469-607-5822
christina@lufflaw.com

**IZARD, KINDALL & RAABE LLP**
Robert A. Izard (*pro hac vice*)
Douglas P. Needham (*pro hac vice*)
29 South Main Street, Suite 305
West Hartford, CT  06107
Telephone: (855) 202-0260
rizard@ikrlaw.com
dneedham@ikrlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August 2023, a copy of the foregoing document was served on all counsel of record via ECF.

*/s/ Gregory Y. Porter*
Gregory Y. Porter