UNITED STATES DISTRICT COURT
DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| KAREN MERROW, THOMAS JORDAN, and MICHAEL CROSS, on behalf of the P.L. Marketing, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON BANK d/b/a/ HORIZON TRUST & INVESTMENT MANAGEMENT, *et. al.*,<br><br>Defendants. | : : : NO.  2:22-CV-00123-DLB-CJS<br>: : : : : : : : : : |

## DEFENDANT HORIZON BANK'S
## MOTION TO CONFIRM FINAL ARBITRATION AWARD

Defendant Horizon Bank d/b/a Horizon Trust & Investment Management ("Horizon"), by and through its counsel, hereby moves for an order confirming the December 31, 2025 final arbitration award issued by the Honorable John C. Roach in favor of Horizon, denying Plaintiffs' claims.

## I.    INTRODUCTION

Plaintiffs, who are all participants in the P.L. Marketing, Inc. ("PLM") Employee Stock Ownership Plan ("ESOP"), brought this action against defendants Horizon, as trustee of the ESOP, as well as Thomas J. Schuh and Timothy M. Logsdon ("Sellers") to challenge the purchase price that Horizon agreed to pay for the shares of PLM and alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). After the Court granted in part Defendants' motion to dismiss [DN 47], this matter proceeded to arbitration with the American Arbitration Association.

On December 31, 2025, Hon. John C. Roach issued the final arbitration award in favor of

Horizon ("Final Award").[1] Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Horizon hereby moves this Court for an order confirming the Final Award. For the reasons set forth below, all requirements of Section 9 are met, and therefore the Court should confirm the Final Award and enter a final judgment in favor of Horizon in accordance with the award.

## II.    BACKGROUND

### A.    The Plan Contains a Binding Arbitration Provision.

From its inception, the ESOP has contained a provision comprehensively requiring arbitration of all claims by participants related to the ESOP or its administration.  Specifically, Section 7.6 provides, in relevant part:

> Mandatory Arbitration; Waiver of Rights.  In exchange for participation in this Plan, each Claimant agrees to arbitrate and be ***bound by the final and binding arbitration result*** of ***any dispute, claim or controversy arising hereunder***, but only if and after it is denied in whole or in part pursuant to the claims process set forth in Sections 7.1-7.5 above.  For avoidance of doubt, even if and to the extent that a Claimant believes a claim is not subject to such administrative claims process under applicable law, ***the arbitration provisions in this Section shall be the sole and exclusive means for adjudicating such claims***. Each Claimant, whether pursuing a claim for benefits or other relief on behalf of the Plan as a whole, by participating in this Plan, is specifically waiving the right it otherwise would have had to sue the Company, Trustee, the Administrator or any party to whom administration or investment discretion is delegated hereunder in court and to have such claims decided by a judge or jury.

ESOP Plan Document [DN 31-1] § 7.6 (emphasis added). The ESOP also includes in Section 7.7 various provisions regarding the rules governing arbitration:

> (a) Location of Hearing. The arbitration hearing will take place in the Greater Northern Kentucky area.

> (b) AAA Rules. The arbitration process shall be governed by the then current Employment Arbitration Rules and Mediation Procedures ("***Rules***") of the American Arbitration Association ("***AAA***") except to the extent they are modified by this Agreement. Any Claimant may obtain a copy of the AAA Rules at any time upon written request to the Administrator, and will be provided a current copy of such Rules if an claim is denied in whole or in part upon appeal in accordance with Section 7.3 above.

---

[1] The Final Award is attached hereto as Exhibit A pursuant to 9 U.S.C. § 13(b).

(c) <u>Request for Arbitration</u>. The arbitration process shall be initiated by completing a Request for Arbitration Form, a copy of which may be obtained at any time from the Administrator, and payment of the then-current AAA filing fee, no later than 365 calendar days after the date a final decision on appeal is rendered denying a claim in whole or in part, or, if Claimant believes that administrative exhaustion of remedies is not required in the particular case (which issue is then to be resolved by the arbitrator if contested by the parties), no later than 24 months after the claim arose, unless the law provides for a shorter period of time, in which case the shorter time period applies.

(d) <u>Arbitration Award</u>. The award of the arbitrator, which may include an award resulting from a motion for summary judgment filed by either party, shall be in writing, shall set forth each issue considered and the arbitrator's reasoning as to each issue considered, and shall issue within 30 days after a hearing in the matter, or 30 days after briefing of the issues by the parties, if the arbitrator determines or the parties mutually agree to submit written briefs in lieu of or after a hearing with the arbitrator.

(e) <u>Arbitration Remedy</u>. The remedy and relief which may be granted is that which the arbitrator deems just and equitable considering what would have been available to the parties had the matter been heard in court. The arbitrator may assess to any party or split the administrative, transcript, witness or exhibit costs and attorneys' fees, if any, in accordance with the arbitrator's determination of the merits of each party's position, but each party shall bear its own costs absent such a finding.

(f) <u>No Class Arbitration or Class Relief</u>. Each Participant and Beneficiary, or any party claiming for or through them, agrees that any Claims will be arbitrated individually and shall not be brought, heard, or arbitrated on a class or collective action basis – unless both parties agree, in writing, to the contrary.

(g) <u>Discovery</u>. Any party to an arbitration hereunder may ask the arbitrator to grant additional discovery to the extent permitted by AAA Rules if it is demonstrated that such discovery is necessary for a fair arbitration.

*Id.*, § 7.7. Section 7.8 further states that the waiver of classwide arbitration is "not severable from this arbitration agreement," and Section 7.9 states that the arbitration agreement is "enforceable and subject to federal law and the Federal Arbitration Act, 9 U.S.C. § 1, et seq." *Id.*, §§ 7.8, 7.9.

**B.      This Court Compelled Arbitration of Plaintiffs' Claims.**

On October 24, 2023, in ruling on Defendants' motion to dismiss [DN 31], this Court compelled this matter to arbitration and stayed the action pending arbitration. [DN 47 at 14.] Following the Court's order compelling arbitration, Plaintiffs filed Demands for Arbitration with

the American Arbitration Association ("AAA"). AAA appointed Hon. John C. Roach as the Arbitrator.

During the arbitration, the parties conducted written discovery, took depositions, and actively litigated a range of issues in the lead-up to the final hearing. For example, the Sellers filed a motion for summary judgment, which the Arbitrator denied. Claimants also filed a motion for partial summary judgment, which the Arbitrator granted. In doing so, the Arbitrator awarded partial summary judgment on the following elements of the ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A) claim against Horizon (Count I): (i) the Plan purchased stock in the ESOP transaction; (2) Horizon was a fiduciary with authority over the ESOP transaction; (3) the Sellers were parties in interest; and (4) Horizon caused the transactions between the Plan and the parties in interest. *See* Final Award (Ex. A) at 2. By agreement of the parties, Count II against Horizon was dismissed. *See id.* at 1. And, shortly before the commencement of the evidentiary hearing, the Sellers and Claimants reached a settlement as to Count III. *See id.* at 1-2.

As a result, the evidentiary hearing was limited in scope to Horizon's affirmative defenses to Count I under ERISA § 408, 29 U.S.C. § 1108. *See* Final Award (Ex. A) at 2. The evidentiary hearing, which took place in Cincinnati, Ohio, commenced on August 11, 2025 and concluded on August 13, 2025. *See id.* at 2. The Arbitrator heard testimony from three fact witnesses and three expert witnesses. *See id.* Four additional fact witnesses testified via deposition. *See id.* at 2-3. In total, 474 exhibits were introduced and admitted. *See id.* at 3. Both parties submitted post-hearing briefs and a response to the other party's post-hearing brief. *See id.*

### C.    The Arbitrator Issued a Final Award in Favor of Horizon.

The Arbitrator issued the Final Award on December 31, 2025. *See generally,* Final Award (Ex. A). The Arbitrator concluded that Horizon met its burden of proving that at least one affirmative defense under Section 1108 applies. *See id.* at 12. Specifically, the arbitrator concluded that Horizon has shown that the purchase price for the ESOP transaction represented a good faith determination of the fair market value of PLM, and that Horizon satisfied the three-factor test of *Howard v. Shay*, 100 F.3d 1484 (9th Cir. 1996). *See* Final Award (Ex. A) at 9-10. As a result, the

4

Arbitrator denied Claimants' Count I against Horizon. *See id.* at 12. The Final Award is in full resolution of all claims submitted to Arbitration. *See id.*

### III.    LAW AND ARGUMENT

Section 9 of the FAA authorizes a party to apply to the court for an order confirming a final arbitration award:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

Since this Court previously compelled arbitration and stayed this matter, this Court also has jurisdiction to confirm the ensuing arbitration award. *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000) ("[T]he court with the power to stay the action under [9 U.S.C.] § 3 has the further power to confirm any ensuing arbitration award."); *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–76 (1932) ("We do not conceive it to be open to question that, where the court has authority under the statute ... to make an order for arbitration, the court also has authority to confirm the award or to set it aside for irregularity, fraud, *ultra vires* or other defect.")).[2]

The FAA reflects a strong federal policy favoring arbitration and the enforcement of arbitral decisions. *See Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016) (*citing Bratt Enters., Inc. v. Noble Int'l Ltd.*, 338 F.3d 609, 613 (6th Cir. 2003)). As the Sixth

---

[2]    This Court also has diversity jurisdiction under 28 U.S.C. § 1332. The Amended Complaint seeks more than $75,000 – asking for among other things the "recission" of the $53 million ESOP transaction – and there is complete diversity between Plaintiffs and Defendants. Amended Complaint [DN 22], at p. 29, ¶ F (seeking the remedy of rescission); and *compare id.* at ¶¶ 14-16 (Plaintiffs are residents of Georgia and Arkansas) *with id.* at ¶¶ 17-22 (Defendants are residents of Indiana and Kentucky). *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921-22 (6th Cir. 2000) (when a plaintiff seeks recission, the "the contract's entire value, without offset, is the amount in controversy.") (internal citations omitted).

Circuit has long recognized, courts play only a "limited role in reviewing the decisions of arbitrators." *Shelby Cnty. Health Care Corp. v. Am. Fed'n of State, Cnty. & Mun. Emps., Loc. 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992). That review is "one of the narrowest standards of judicial review in all of American jurisprudence." *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 429 F.3d 640, 643 (6th Cir. 2005).

The standard for this Court's review is merely "whether a party to arbitration has been denied a fundamentally fair hearing." *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 677 (6th Cir. 2005) (citations omitted). This Court cannot "reconsider the merits of an award, even when parties allege that the award rests on errors of fact or on misinterpretation of a collective bargaining agreement." *Id.* (*citing United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987). Confirmation of an award, therefore, is not an extraordinary remedy—it is the default outcome. *See Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing 9 U.S.C. § 9). Once a party moves to confirm, the Court "must grant" the motion unless the opposing party meets the narrow grounds for vacatur or modification under Sections 10 or 11 of the FAA. 9 U.S.C. § 9; *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581.

Here, the court should confirm the Final Award because, as set forth below, the parties have agreed to judicial enforcement of the award, Plaintiffs cannot meet their burden to vacate the Final Award, and Plaintiffs cannot meet their burden to modify or correct the Final Award.

A.     **The Parties Agreed to Judicial Enforcement of the Award.**

Section 9 requires that "the parties . . . have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. The Supreme Court has noted that Section 9 need not be satisfied by any magical language. *See Hall*, 552 U.S. at 587 n. 6. Rather, courts must undertake enforcement of arbitration awards "so long as the parties contemplated judicial enforcement." *Id.; see also Qorvis Commc'ns, LLC v. Wilson,* 549 F.3d 303, 308 (4th Cir. 2008).

Here, the arbitration clauses in the ESOP show that the parties contemplated judicial enforcement. The parties agreed that arbitration shall be the "sole and exclusive means" for

adjudicating disputes, and that the parties would "be bound by the final and binding arbitration result of any dispute." ESOP [DN 31-1] § 7.6.

Further, the parties agreed that any arbitration would be governed by the then current AAA Employment Arbitration Rules and Mediation Procedures. *See* ESOP [DN 31-1] § 7.7(b). Section 51.b. of the AAA Employment Arbitration Rules and Mediation Procedures provides that "Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." AAA Employment Arbitration Rules and Mediation Procedures (Ex. B) § 51.b.  This further shows that the parties contemplated judicial enforcement of any arbitration award. *See, e.g., Qorvis Commc'ns, LLC v. Wilson,* 549 F.3d 303, 308 (4th Cir. 2008) (holding that a "simple" contractual reference of arbitration under the AAA rules implies "binding arbitration with authorization of enforcement of an award by judgment."); *see also Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1273 (7th Cir. 1976). Consequently, the Final Award should be confirmed in all respects as the parties agreed.

## B.    Plaintiffs Cannot Meet Their Burden to Vacate the Arbitration Award.

Section 10 of the FAA authorizes vacatur only in four narrow circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where the arbitrator was evidently partial or corrupt; (3) where the arbitrator engaged in prejudicial misconduct; or (4) where the arbitrator exceeded his powers or failed to render a final and definite award. 9 U.S.C. § 10(a)(1)–(4). In addition, a reviewing court may vacate an award where the arbitrator has manifestly disregarded the law. *See Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing *Glennon v. Dean Witter Reynolds, Inc*., 83 F.3d 132, 136 (6th Cir. 1996)). This standard is "very narrow." *Glennon,* 83 F.3d at 136. The decision "must fly in the face of clearly established legal precedent," and a "mere legal error in interpretation or application of the law is insufficient." *Id.*

Here, Plaintiffs have not filed a motion to vacate the Final Award. Even if they did, such a motion would be unsuccessful. As set forth above, Plaintiffs commenced arbitration with AAA after this Court found the arbitration provision in the ESOP to be enforceable. All parties were

7

able to engage in discovery and motion practice. No side was limited in its ability to present the case at the evidentiary hearing and in its post-hearing briefs. The Arbitrator ultimately issued a comprehensive award with findings of fact and conclusions of law, resolving all pending claims in Horizon's favor. There is no evidence of corruption, fraud, or undue means, and no indication whatsoever of partiality, corruption, or prejudicial misconduct by the Arbitrator. Finally, there is no evidence of any manifest disregard of the law. The Arbitrator correctly applied the applicable law to the facts in reaching his conclusions, as shown by the Final Award. Accordingly, none of the statutory grounds for vacatur exist.

**C.    Plaintiffs Cannot Meet Their Burden to Modify or Correct the Arbitration Award.**

Likewise, there are no grounds for modification or correction of the Final Award under Section 11 of the FAA. That section permits modification or correction of an award only where: (1) there is an evident material miscalculation or descriptive error; (2) the arbitrator ruled on an issue not submitted, unless it affected the merits; or (3) the award is imperfect in form, not affecting substance. 9 U.S.C. § 11.

Again, Plaintiffs have not made a motion to modify or correct the Final Award under Section 11. Regardless, none of the limited circumstances above exist. The Final Award contains no mathematical or clerical error. *See* Final Award (Ex. A). The Arbitrator did not decide issues outside the scope of submission. The form of the Arbitration Award is clear and complete. The Arbitrator resolved the exact claims that Plaintiffs presented, not including those previously dismissed or settled, and nothing more. Moreover, as the Sixth Circuit has emphasized, courts "are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Solvay Pharms., Inc. v. Duramed Pharms., Inc.,* 442 F.3d 471, 476 (6th Cir. 2006). Modification is not a second bite at the apple. It is a narrow exception for mechanical errors—and none exist here.

Accordingly, none of the statutory grounds for modification exist and the Final Award should be confirmed in all respects.

## IV.    CONCLUSION

For the foregoing reasons, Horizon respectfully requests that this Court confirm the Arbitration Award pursuant to Section 9 of the FAA, enter a Final Judgment in accordance with the Arbitration Award, and award Horizon any and all further relief that the Court deems just and proper.

Respectfully Submitted,

*/s/ Scott J. Stitt*
Scott J. Stitt (Ohio 0073943)
Tucker Ellis LLP
175 S. 3rd St., Suite 520,
Columbus, OH 43215
Telephone: 614-358-9717
Fax: 614-358-9712
scott.stitt@tuckerellis.com

Mitzi D. Wyrick
Wyatt Tarrant & Combs, LLP
400 W. Market St., Suite 2000
Louisville, KY 40202
Telephone: 502-562-7337
Fax: 502-589-0309
mitziwyrick@wyattfirm.com

*Counsel for Defendant Horizon Bank d/b/a Horizon Trust & Investment Management*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I electronically filed a copy of the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all registered CM/ECF participants in this matter.

*/s/ Scott J. Stitt*
*Counsel for Defendant*

9

7200202.1